Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Richard R. Barker
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CHET ARLIE MOSES,<br><br>Defendant. | 2:21-CR-00026-TOR<br><br>United States' Notice of Review of Presentence Investigation Report and Sentencing Memorandum |

The United States of America, by and through United States Attorney Vanessa R. Waldref and Assistant United States Attorney Richard R. Barker, submits the following Notice of Review of the Draft Presentence Investigation Report (hereinafter "PSIR") prepared by United States Probation Officer Jennifer Frieling, dated December 2, 2021. *See* ECF No. 31.

As set forth herein, the United States recommends a sentence toward the bottom end of the guideline range ultimately determined by the Court. The United States also recommends revocation of Defendant's supervised release in 2:12-CR-02088-TOR-1 and for any sentence imposed for violations of his release conditions to run consecutively with Defendant's sentence in the instant case. Finally, the United States requests a period of three years' supervised release with the conditions recommended in the PSIR. The United States' recommendation is based on the below memorandum

United States' Sentencing Memorandum – Chet Arlie Moses - 1

of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. BACKGROUND AND RELEVANT FACTS

In late February last year, Defendant asked his victim, R.C.C., who was an intimate partner at the time, for a ride. R.C.C. picked up Defendant from the Yokes Market in Airway Heights, Washington. From there, Defendant directed R.C.C. to drive him to a nearby apartment building, which R.C.C. did. ECF No. 31 at ¶9.

When they arrived at the apartment building, Defendant pulled out a knife, pointed it at R.C.C., and threatened, "you know the deal." Moments later, a female walked to R.C.C.'s car and tried to get in the backseat. R.C.C. locked the doors and pleaded with Defendant not to take the car. Defendant told R.C.C. to let the female in the car, and R.C.C. reluctantly did so at knife point. With the knife still pointed at R.C.C., Defendant directed her to drive. Although R.C.C. responded that she did not want to go anywhere, she did as she was told, driving westbound in an alley behind the apartments. When the car reached an intersection, R.C.C. tried to turn left, but Defendant demanded she turn run and take Defendant to the Northern Quest Casino. At this point, R.C.C. removed her seatbelt and shifted the car into park. R.C.C. begged Defendant that if he let R.C.C. go, Defendant could take the car. Defendant then climbed over the console into the driver's seat. He and the female drove away in R.C.C.'s vehicle – a 2011 Infiniti G37. ECF No. 33 at ¶¶ 10-11.

R.C.C. was able to escape and called police, reporting the carjacking. Police recovered R.C.C.'s car days later in possession of the person who traded drugs to Defendant for the Infiniti. ECF No. 33 at ¶15. When Defendant was arrested, he made incriminating statements about the offense. *See id.* at ¶ 17.

### A.   Plea agreement

On September 16, 2021, Defendant entered a guilty plea to the sole count in the Indictment – Carjacking in violation of 2119(1). Pursuant to the Plea Agreement, the United States agreed to recommend a sentence within the applicable guidelines range. ECF No. 107 at ¶5. Defendant is permitted to argue for any legal sentence. *Id.* The parties further agreed to jointly recommend a 3-year term of supervised release. *Id.*

### B.   Sentencing Guidelines Calculations and Statutory Provisions

Following the plea agreement, U.S. Probation Office conducted its own investigation and submitted a Presentence Investigation Report ("PSIR") to the Court. *See* ECF No. 31. For purposes of calculating the appropriate range under the United States Sentencing Guidelines (the "Guidelines"), the United States agrees with the Probation Officer's calculations, as set forth in the draft PSIR. Specifically, the United States agrees that the total offense level is 23 with a criminal history category III, resulting in an advisory sentencing range of 57-71 months.

### C.   Victim Impact & Restitution

The Victim, R.C.C., did not submit a formal victim impact statement, but may ask to speak at sentencing. She has been in contact with the U.S. Attorney's Office during the pendency of this case, and she indicated she may seek restitution for the loss of her phone, which was still inside the car when it was stolen. She may also request restitution for damage to her car after the carjacking. Notwithstanding numerous requests for information and/or documentation regarding the amount of, and support for, restitution, the United States has not received such information as of the time of this filing. The United States will continue to seek this information prior to sentencing and will provide it to the Court, U.S. Probation, and Defense immediately upon receipt.

## II.   UNITED STATES' SENTENCING RECOMMENDATION

In light of the Plea Agreement, Guidelines, and factors set forth at 18 U.S.C. § 3553, the United States respectfully recommends a sentence toward the bottom end

of the guideline range, as ultimately determined by the Court. Additionally, the United States respectfully request that Defendant's sentence for violating his supervised release in 2:12-CR-2088-TOR-1 run consecutively to his sentence for carjacking and stealing R.R.C.'s vehicle.

Defendant criminal history is troubling, and this offense represents the latest in a string of escalating violent criminal conduct. Such conduct includes, among other things, a 2012 conviction for assault with a dangerous weapon and subsequent violations of Defendant's supervised release in that case. *See* ECF No. 31 at ¶49. That said, and as the parties will address in further detail at sentencing, Defendant's criminal behavior appears to stem, at least in part, from unresolved mental health issues and drug abuse. *Id.* at ¶¶126 – 134. While these are not excuses for Defendant's violent conduct, these circumstances help to explain and put his conduct into context. Sobriety will be key to whether Defendant is able to make the changes necessary to return and remain in the community.

Defendant is almost 38 years old. If the Court imposes a guideline sentence, he will be well over 40 when he is released. *See id.* at 2. As difficult as it may be, Defendant must make the decision to dissociate himself from bad influences and turn away from those who engage in illegal narcotics and alcohol. He has already spent several years of his life in federal custody, and as a result of this case, he will be in custody for several years more. Simply put, Defendant is running out of opportunities to turn his life around. A sentence toward the bottom end of the applicable guideline range affords Defendant a final opportunity to make the necessary changes in his life, while protecting the community and giving a measure of justice to the victim.

## CONCLUSION

Based on the foregoing as well as any additional points and authorities permitted at the time of sentencing, the United States requests a sentence of incarceration toward the bottom end of the guideline range in this case. The United States further submits

that a three-year period of supervised release with the special conditions recommended by the Probation Officer is appropriate. It is the United States' view that such a sentence is appropriate, but no greater than necessary, to achieve the statutory goals of sentencing. Finally, the government further requests that the Court order a $100 mandatory special penalty assessment and restitution, as appropriate.

Dated this 23rd day of February 2022

                Vanessa R. Waldref
                United States Attorney

                *s/ Richard R. Barker*
                Richard R. Barker
                Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on February 23, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to counsel of record.

*s/ Richard R. Barker*
Richard Barker
Assistant United States Attorney